O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OWEN GASTON, )<br> )<br> Plaintiff, )<br> )<br> vs. )<br> )<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br> )<br> Defendant. )<br>_____ ) | CASE NO. ED CV 14-00831 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

 Plaintiff Michael Owen Gaston argues only that the Administrative Law Judge wrongly discredited his statements as to his pain. If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably could be expected to produce the pain alleged, then the Administrative Law Judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge fulfilled his obligation under these cases.

 The Administrative Law Judge referenced Plaintiff's "allegations and testimony of chronic, debilitating pain, particularly of the right lower extremity . . . precluding the performance of all types of gainful work." [AR 14] Acknowledging that Plaintiff had suffered "fairly significant injuries" as a result of a gunshot wound in 1998,

the Administrative Law Judge nevertheless did not accept that Plaintiff's pain was debilitating. He noted that there was no secondary change like atrophy, and that Plaintiff had normal motor function and a steady gait. [*Id.*] These facts do not, in and of themselves, mean that Plaintiff was not telling the truth, but a dissonance between a claimant's assertions of pain and the objective medical evidence is one factor that an administrative law judge can look to when evaluating credibility. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

The Administrative Law Judge did not stop there, however. He also noted that Plaintiff was able to perform a number of functions that were inconsistent with his assertion that the pain was debilitating: he could perform normal household chores, perform his daily activities independently, play tennis, travel and write a thesis. [AR 14-15] These are matters the Administrative Law Judge may consider. *See Bunnell*, 947 F.2d at 346; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Administrative Law Judge also found that Plaintiff had been inconsistent in describing his functionability. [AR 15] Finally, the Administrative Law Judge found that third-party evidence of any difficulty Plaintiff had with prolonged standing and walking was accommodated by the sedentary residual functional capacity that the Administrative Law Judge identified. [AR 15]

The fact that there may be other interpretations of a claimant's testimony that are reasonable does not mean that the Administrative Law Judge erred. As long as his is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins*, 261 F. 3d at 857. The Administrative Law Judge here acted in accordance with the case law for evaluating claims of excess pain, and therefore the Commissioner's decision to deny disability benefits is affirmed.

IT IS SO ORDERED.

DATED:   January 21, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE